UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

---

SHANNON TSAI,

        Plaintiff,

    v.

AT&T MOBILITY, LLC,

        Defendant.

No. C08-0520RSL

ORDER DENYING DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT

---

This matter comes before the Court on "Defendant AT&T Mobility's Motion for Partial Summary Judgment." Dkt. # 14. Having reviewed the memoranda, declarations, and exhibits submitted by the parties, defendants' motion is DENIED.

Defendant moved for summary judgment on plaintiff's disparate treatment claims based solely on the fact that plaintiff was replaced by another woman.[1] Defendant argues that plaintiff cannot, as a matter of law, establish a *prima facie* case of discrimination or show pretext under the burden-shifting analysis of McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973), because another member of the protected class was hired in her place. The McDonnell Douglas analysis, which governs both the Title VII and the Washington Law Against Discrimination claims, is more nuanced than defendant allows. The first step of the McDonnell Douglas

---

[1] Other issues raised for the first time in the reply memorandum, such as whether plaintiff was constructively discharged under Washington law and whether isolated sexist remarks are evidence of gender bias, were not raised in a timely manner and have not been considered.

ORDER DENYING DEFENDANTS' MOTION FOR
PARTIAL SUMMARY JUDGMENT

1 analysis simply requires plaintiff to raise an inference of discrimination. This burden is not
2 onerous: plaintiff need only provide evidence that suggests that the adverse employment
3 decision was based on criterion protected under the Civil Rights Act of 1964. See Texas Dep't
4 of Cmty. Affairs v. Burdine, 450 U.S. 248, 253 (1981); Int'l Bhd. of Teamsters v. U.S., 431 U.S.
5 324, 358 (1977). The *prima facie* test as originally stated was not dependent on who, if anyone,
6 benefitted instead of or in place of plaintiff. McDonnell Douglas, 411 U.S. at 802 (identifying
7 the fourth element of the prima facie case as "that, after [the plaintiff's] rejection, the position
8 remained open and the employer continued to seek applicants from persons of complainant's
9 qualifications."). In addition, the Ninth Circuit has clearly rejected the hard and fast rule
10 defendant seeks to impose here. See Caldwell v. State of Wash., 278 Fed. Appx. 773, 776 (9th
11 Cir. 2008) (finding that "Caldwell presented a successful *prima facie* case of disparate treatment
12 under the McDonnell Douglas framework despite the fat that the chosen candidate was a
13 member of the same protected class as Caldwell.") (citing Diaz v. Am. Tel. & Telegraph, 752
14 F.2d 1356, 1359-60 (9th Cir. 1985)). Although satisfying the four elements set forth in
15 McDonnell Douglas is the most common way of raising an inference of discrimination, the
16 Supreme Court recognized that, because of variations in factual situations, plaintiffs may seek to
17 establish a *prima facie* case by other means. 411 U.S. at 802 n.13.

18 Defendant argues that plaintiff's disparate treatment claims are defective as a
19 matter of law: it therefore provided very little factual background in its motion and did not
20 produce any evidence of a legitimate, non-discriminatory reason for plaintiff's termination.[2]
21 Faced with nothing more than a bald assertion that her claims fail because she was replaced by a

---

[2] Contrary to defendant's assertion, plaintiff need not demonstrate that she was a valuable employee with no performance problems (*i.e.*, that the potential justification for her termination was pretext) unless and until defendant satisfies its burden of production at step two of the McDonnell Douglas analysis. Defendant's vague promise that it will, at some point in the future, "come forward with evidence articulating a 'legally sufficient' explanation for the alleged termination" does not trigger plaintiff's opportunity to show pretext. Motion at 7-8.

woman, plaintiff provided evidence tending to show that Ms. Herndon was chosen to replace plaintiff only after plaintiff challenged her termination as discriminatory.[3] Such circumstances were found sufficient in Diaz v. Am. Tel. & Telegraph to preclude summary judgment:

> When the individual who was promoted receives the challenged position only after the plaintiff has filed a discrimination charge, the fact that both individuals are members of the same protected class does not rebut the otherwise established inference of discrimination. In the case before us, there is no bar to plaintiff's establishing a *prima facie* case under McDonnell Douglas.

752 F.2d at 1361. In reply, defendant argues that no reasonable jury would believe that plaintiff's supervisor hired an otherwise unqualified woman simply to weaken plaintiff's claim of sex discrimination. Reply at 4-5. Defendants' premise is false, however: there is no reason to believe that Ms. Herndon was unqualified and therefore no reason to presume that the supervisor was putting her department and/or livelihood at risk when she promoted Ms. Herndon. Plaintiff's evidence regarding the timing of Ms. Herndon's promotion helps explain why the hiring of a woman should not be a talisman against plaintiff's sex discrimination claim. In the circumstances of this case, the Court agrees that plaintiff has raised an inference of discrimination despite the fact that another woman replaced her.

For all of the foregoing reasons, defendant's motion for partial summary judgment is DENIED.

Dated this 11th day of March, 2009.

Robert S. Lasnik
United States District Judge

---

[3] The Court has considered the evidence in the record only insofar as it is relevant to the issue of whether plaintiff has raised an inference of discrimination despite the fact that a woman was hired as her replacement. The admissibility of plaintiff's statistical evidence and testimony can be addressed at trial or through a motion *in limine*.

ORDER DENYING DEFENDANTS' MOTION FOR
PARTIAL SUMMARY JUDGMENT      -3-